```
                                                          USDC SDNY
                                                          DOCUMENT
UNITED STATES DISTRICT COURT                              ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK                             DOC #:_____
------------------------------------------------------------X   DATE FILED: 10/7/15
                                                       :
CARLA B. BOONE,                                        :
                                      Plaintiff,       :
                                                       :    15 Civ. 01391 (LGS)
                 -against-                             :
                                                       :    OPINION AND ORDER
CODISPOTI & ASSOCIATES P.C., et al.,                   :
                                                       :
                                    Defendants.        :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

Plaintiff Carla B. Boone brings this action pro se against her former attorneys, Defendants Codispoti & Associates, P.C. and Mancinelli & Associates, LLP. The Amended Complaint (the "Complaint") alleges fraud, conspiracy and denial of due process arising from Defendants' prior representation of Plaintiff in a copyright infringement action. Defendants move to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b). For the reasons stated below, Defendants' motions are granted.

I.  **BACKGROUND**

The following is based on allegations in the Complaint, documents attached to or integral to the Complaint and facts of which the Court is permitted to take judicial notice. As required for the present motion, all factual allegations in the Complaint are assumed to be true.

Plaintiff produces, promotes and records hip hop and rap artists. On July 2, 2003, Plaintiff retained Defendants -- then operating as one law firm -- to represent her in a copyright infringement action (the "Copyright Action") against John D. Jackson, Pharrell Williams, Chad Hugo and their recording and distribution companies (the "Copyright Defendants"). The Copyright Defendants' motion for summary judgment was granted by the district court on June

30, 2005, and that decision was affirmed by the Second Circuit on November 15, 2006. Defendants ceased representing Plaintiff -- and Plaintiff proceeded pro se -- in the Copyright Action after the summary judgment decision issued.

After dismissal of the Copyright Action, Plaintiff conducted research and familiarized herself with copyright law and the summary judgment process. As part of this research, Plaintiff uncovered articles stating that copyright infringement cases virtually never proceed to trial. One article surveyed a twenty-year period and reported that forty-six out of forty-eight copyright actions did not proceed to trial; that article also found that, in a different five-year period, networks and studios prevailed in all copyright actions. The Complaint alleges that this research shows that courts have "aided and abetted" in the creation of a virtual monopoly by studios and networks through systematic dismissals of copyright infringement claims.

Plaintiff commenced this action on February 25, 2015.[1] The Complaint alleges fraud, conspiracy and denial of due process arising from Defendants' representation of Plaintiff in the Copyright Action based on Plaintiff's research. The gravamen of the Complaint is that Defendants fraudulently induced Plaintiff to believe that she could prevail in the Copyright Action when they knew or should have known that copyright actions almost never proceed beyond the summary judgment stage. The Complaint further alleges that Defendants conspired to defraud Plaintiff and denied her constitutional right to due process.

## II.     STANDARD

On a motion to dismiss, courts accept as true all well-pleaded factual allegations and

---

[1] The Complaint alleges that the action is "on behalf of Holla'back Records." Because a pro se plaintiff cannot bring claims on behalf of another, *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008), the Complaint is construed as asserting claims only on behalf of Plaintiff.

draw all reasonable inferences in favor of the non-moving party.  *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 110-11 (2d Cir. 2010).  In resolving Rule 12(b)(6) motions, courts "may consider any written instrument attached to the complaint as an exhibit or incorporated in the complaint by reference, as well as documents upon which the complaint relies and which are integral to the complaint."  *Subaru Distribs. Corp. v. Subaru of Am., Inc.,* 425 F.3d 119, 122 (2d Cir. 2005).  Courts may also take judicial notice of matters of public record when considering motions to dismiss.  *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991).

To withstand dismissal, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  Federal Rule of Civil Procedure 8 "requires factual allegations that are sufficient to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012) (alteration in original) (quoting *Twombly*, 550 U.S. at 555).

Rule 9 also requires that, "[i]n alleging fraud . . . , a party must state with particularity the circumstances constituting fraud . . . ."  Fed. R. Civ. P. 9(b).  To satisfy Rule 9(b), a complaint must "(1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent."  *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, No. 797 F.3d 160, 171 (2d Cir. 2015) (quoting *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.,* 375 F.3d 168, 187 (2d Cir. 2004)).

In construing complaints by plaintiffs proceeding pro se, courts "appl[y] a more flexible

standard to evaluate their sufficiency than [they] would when reviewing a complaint submitted by counsel." *Lerman v. Bd. of Elections in City of N.Y.*, 232 F.3d 135, 139-40 (2d Cir. 2000); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (citation omitted). Thus, courts are obligated to construe pro se pleadings with "'special solicitude,' interpreting the complaint to raise the 'strongest [claims] that [it] suggest[s].'" *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (alterations in original) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006)).

## III. DISCUSSION

### A. Fraud Claim

The fraud claim is dismissed because the Complaint does not sufficiently allege all of the elements of fraud and fails to meet the particularity requirement of Federal Rule of Civil Procedure 9(b). Under New York law, the elements of a fraud claim are: "(1) a material misrepresentation or omission of fact (2) made by defendant with knowledge of its falsity (3) and intent to defraud; (4) reasonable reliance on the part of the plaintiff; and (5) resulting damage to the plaintiff." *Crigger v. Fahnestock & Co.,* 443 F.3d 230, 234 (2d Cir. 2006).

The Complaint alleges that Defendants "falsely [] led [Plaintiff] to believe that a [j]ury [t]rial would occur" in the Copyright Action by: (1) informing Plaintiff that she had "a good chance" of defeating summary judgment; (2) filing an amended complaint in the Copyright Action that omitted a defendant and claims for breach of implied contract, trademark infringement and violation of the Lanham Act, which, according to the Complaint, would have survived summary judgment; and (3) requesting from Plaintiff two additional payments to continue prosecuting the Copyright Action. The Complaint asserts that Defendants knew or

should have known that almost all copyright infringement actions do not survive summary judgment.

This claim fails as a matter of law as the statements about the likelihood of defeating summary judgment and obtaining a jury trial were "mere expression[s] of future expectations" that did not constitute actionable fraud.  *Blagio Restaurant, Inc. v. C.E. Properties, Inc.*, 127 A.D. 1006, 1008 (2d Dep't 2015); *accord Adrien v. Estate of Zurita*, 29 A.D.3d 498, 498 (2d Dep't 2006) (stating lawyer's "alleged oral representations regarding the future outcome of the holdover proceeding were mere expressions of opinion of present or future expectations, upon which the plaintiff could not justifiably rely"); *Chase Investments, Ltd. v. Kent*, 256 A.D.2d 298, 299 (2d Dep't 1998) ("[A] representation of opinion or a prediction of something which is hoped or expected to occur in the future will not sustain an action for fraud.").

The Complaint also fails to plead with sufficient particularity why Defendants' actions amount to fraudulent representations or omissions.  *See Loreley Fin. (Jersey) No. 3 Ltd.*, 797 F.3d at 171 (stating Rule 9(b) requires an explanation of why the statements or omissions were fraudulent).  For instance, the Complaint does not allege why filing an amended complaint or requesting payment of legal fees in the Copyright Action amounts to fraud.  Rather, the Complaint asserts that: (1) had the amended complaint not omitted a defendant and claims for implied breach of contract, Lanham Act violations and/or trademark infringement, then the Copyright Action would advance beyond summary judgment; (2) Defendants "had absolutely no reason to [a]mend the original complaint . . . unless there was some illicit reason for their doing so"; and (3) Defendants knew or must have known the Copyright Action would fail given their research, background and experience.  These are not allegations of fraud.  Accordingly, this claim fails.

Even if these allegations were construed as alleging legal malpractice, the claim must be dismissed as time-barred. "An action to recover damages arising from an attorney's malpractice must be commenced within three years of accrual," and "this accrual time is measured from the day an actionable injury occurs, even if the aggrieved party is then ignorant of the wrong or injury." *McCoy v. Feinman*, 99 N.Y.2d 295, 301 (2002) (citation and internal quotation marks omitted). Here, Defendants ceased their representation of Plaintiff after the Copyright Action was dismissed by Memorandum Opinion and Order dated June 30, 2005, and therefore any claim for legal malpractice against Defendants accrued by that date. As Plaintiff commenced this action in March 2015, more than six years after the statute of limitations deadline, any claim for legal malpractice is untimely.

Any claim for legal malpractice also must be dismissed for failure to state a claim. The elements of a legal malpractice claim under New York law are (1) attorney negligence; (2) proximate cause; and (3) damages. *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006). Here, the Complaint fails to allege negligence as it "essentially alleges . . . an 'error of judgment' . . . ." *Id.* (quoting *Rosner v. Paley*, 65 N.Y.2d 736, 738 (1985)); *cf. Sklover & Donath, LLC v. Eber-Schmid*, 71 A.D.3d 497, 498 (1st Dep't 2010) ("The allegations that [an attorney's] decisions were unreasonable are based on hindsight, which is an unreliable test for determining the past existence of legal malpractice.") (internal quotation and citation omitted). These allegations therefore do not amount to attorney negligence.

Accordingly, the Complaint's allegations -- whether construed as alleging fraud or negligence based on legal malpractice -- fail to state a claim.

### B. Conspiracy Claim

As the Complaint does not allege an actionable claim for fraud, the claim for conspiracy

to commit fraud also fails.  *See Wilson v. Dantas*, 746 F.3d 530, 537 n.4 (2d Cir. 2014) ("As [plaintiff] has not alleged any actionable torts, his claim for civil conspiracy . . . also fails."); *accord Faulkner v. City of Yonkers*, 105 A.D.3d 899, 900 (2d Dep't 2013) (requiring allegations of an "actionable, underlying tort" to plead civil conspiracy).

This claim also independently fails because the Complaint does not plead facts sufficient to support an inference of an agreement to defraud Plaintiff.  To state a claim for civil conspiracy under New York law, "a plaintiff, in addition to alleging an underlying tort, must plead facts sufficient to support an inference of the following elements: '(1) an agreement between two or more parties; (2) an overt act in furtherance of the agreement; (3) the parties' intentional participation in the furtherance of a plan or purpose; and (4) resulting damage or injury.'" *Bigio v. Coca-Cola Co.*, 675 F.3d 163, 176 (2d Cir. 2012) (quoting *Abacus Fed. Sav. Bank v. Lim,* 75 A.D.3d 472 (1st Dep't 2010)).  "A bare conclusory allegation of conspiracy is usually held insufficient." *Faulkner*, 105 A.D.3d at 901 (citation omitted).

Here, the Complaint asserts that Defendants conspired amongst themselves and with the Copyright Defendants and the district court judge in the Copyright Action.  In support, the Complaint relies on the studies purportedly showing systemic dismissals of copyright infringement actions and a statement on a website belonging to the Copyright Defendant's counsel that states, in relevant part, that its "strong presence in America's most important business markets enables [it] to address and exceed client expectations" and that its offices are "strategically located" to "provide connections to government decision makers and to solutions that are unavailable from [its] competitors."  These statements are insufficient to allege an agreement to defraud Plaintiff.  Accordingly, the claim for civil conspiracy fails.

C.     **Due Process Claim**

The claim under 42 U.S.C. § 1983 for violations of due process is dismissed for failure to state a claim.[2] In order to state a § 1983 claim, a plaintiff must allege "(1) that some person has deprived him of a federal right, and (2) that the person who has deprived him of that right acted under color" of state law.  *Velez v. Levy,* 401 F.3d 75, 84 (2d Cir. 2005) (citation and internal quotation marks omitted).  To assert a claim under § 1983 based on an alleged violation of procedural due process, a plaintiff must plead (1) she possesses a liberty or property interest protected by the Constitution or a federal statute, and (2) she was deprived of that liberty or property interest without due process.  *Ciambriello v. Cty. of Nassau,* 292 F.3d 307, 313 (2d Cir. 2002).

The Complaint does not allege facts that, if proven, would amount to a constitutional violation.  The Complaint asserts that the Copyright Action was incorrectly dismissed and therefore Plaintiff's due process right to a jury trial was violated.  The summary judgment decision dismissing the Copyright Action, however, was affirmed on appeal.  The Complaint therefore does not plead denial of any constitutional right.

The Complaint also fails to allege that Defendants acted under color of state law. "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'"  *Id.* at 323 (citation omitted).  A private person can

---

[2]     The due process claim fails whether it is construed as a claim under § 1983 or under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  A *Bivens* action is the federal analog to suits brought against state officials under § 1983 and "federal courts have typically incorporated § 1983 law into *Bivens* action."  *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995) (per curiam).

qualify as a state actor under § 1983 only if the link between the state action and the private person's action is so close that the private person's action "may be fairly treated as that of the State itself." *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 229 (2d Cir. 2004) (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)); *see also Cranley v. Nat'l Life Ins. Co. of Vt.*, 318 F.3d 105, 112 (2d Cir. 2003) (A "private actor [who] operates as a willful participant in joint activity with the State or its agents" may be considered a state actor under § 1983) (citation omitted).

Here, Defendants are private attorneys who represented Plaintiff in federal court in the Copyright Action. The Complaint generally alleges "courts have aided and abetted in the creation of a virtual monopoly" by studios and networks in the entertainment industry as studies have shown that copyright actions are nearly always decided in their favor. These allegations do not amount to state action. Accordingly, the § 1983 claim is dismissed.

### D.     Leave to Amend

District courts generally grant a pro se plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not warranted where it would be futile. S*ee Hill v. Curcione*, 657 F.3d 116, 122-24 (2d Cir. 2011). As Plaintiff's claims cannot be cured with an amendment, leave to amend is denied.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss are GRANTED. The Clerk of Court is respectfully directed to close Dkt. Nos. 12 and 21, terminate the case and mail a copy of this Opinion to the pro se Plaintiff.

SO ORDERED.

Dated: October 7, 2015
      New York, New York

                                         LORNA G. SCHOFIELD
                                    UNITED STATES DISTRICT JUDGE